UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

ALEJANDROS BADOS MADRID,           )
SARA HERNANDEZ RIOS, and           )
MARIA RENDON, individually and on  )
behalf of other persons similarly  )
situated,                          )
                                   )
        Plaintiffs,                )    2:09-cv-00311 JWS
                                   )
    vs.                            )    ORDER AND OPINION
                                   )
PEAK CONSTRUCTION, INC., an        )    [Re: Motion at Docket 49]
Arizona Corporation d/b/a PEAK     )
PAINTING, BRAD D. NALLY, MARK W.   )
SCHOUTEN, WILLIAM J. MORONEY,      )
and TODD SICKELS,                  )
                                   )
        Defendants.                )
                                   )

## I. MOTION PRESENTED

At docket 49, plaintiffs Alejandro Bados Madrid, Sara Hernandez, and Maria Rendon (collectively "plaintiffs") move for approval of their proposed *Hoffman-LaRoche* notice to potential collective action members under § 216(b) of the Fair Labor Standards Act ("FLSA"). At docket 50, defendants Peak Construction ("Peak"), Brad D. Nally, Mark W. Schouten, William J. Moroney, and Todd Sickels (collectively "defendants")

partially oppose the proposed notice submitted by plaintiffs. Plaintiffs have requested oral argument, but it would not assist the court.

## II. BACKGROUND

On July 23, 2009, the court conditionally certified this collective action, tolling plaintiffs' FLSA claim to the date of their initial complaint, February 16, 2009, and ordered the parties to meet and confer regarding the form and procedure governing proposed notice to potential collective action members. Specifically, the parties were ordered "to meet and confer regarding the appropriate form of the notice, the procedure by which such notice is to be delivered, and the time at which such notice is to be delivered."[1] In addition, the parties were ordered "to discuss whether defendants will provide the contact information of potential collective action members, as well as the appropriate scope of employees to be noticed."[2] The parties have now met and conferred, and plaintiffs have filed their proposed notice, to which defendants have agreed in part. The parties continue to disagree about several aspects of the proposed notice: (1) whether defendants must produce the names and addresses of potential collective action members; (2) whether a third-party administrator should be appointed; (3) which types of employees are to be included in the notice; (4) whether the deadline for returning a consent form should be 45 or 60 days; (5) whether the notice should be posted at the workplace; and (6) whether defense counsel's contact information should

---

[1] Docket 44 at 24-25.

[2] *Id.* at 25.

be listed on the notice. The court addresses and resolves the parties' disagreements below.

## III. DISCUSSION

### A. Production of Names and Addresses and Use of Third-Party Administrator

Plaintiffs have renewed their request for production of the names and addresses of potential collective action members. Defendants object to plaintiffs' request, arguing that "[t]his potential discovery issue is not properly a part of the briefing on class notice, particularly when there has not even been discovery in this case nor a formal discovery request for this information."[3] Defendants' primary concerns are privacy and plaintiffs' alleged ulterior motive: the desire to share the names and addresses with a local union, which has heretofore been unable to obtain those names and addresses, in an attempt to unionize Peak painters. Therefore, defendants propose that the court appoint a third-party administrator, who will be tasked with sending out notices to potential collective action members and verify that responses have been received within the selected deadline. Plaintiffs contend that privacy concerns do not require a third-party administrator to be used, and deny that they intend to share the names and addresses of potential collective action members with a union-organizing effort. In any event, plaintiffs argue that even where a third-party administrator is appointed, the names and addresses of potential collective action members should be provided to counsel.

---

[3] Docket 50 at 3.

In *Hoffman-LaRoche, Inc. v. Sperling*, the Supreme Court held that, in appropriate collective actions under § 216(b), district courts should exercise their discretion to authorize and facilitate notice of a collective action to similarly situated potential plaintiffs.[4] Accordingly, the Court held that district courts have discretion to permit discovery of the names and addresses of potential collective action members, reasoning that such information is "relevant to the subject matter of the action."[5] Based on this reasoning, district courts have routinely ordered the production of names and addresses of potential collective action members to plaintiffs' counsel.[6] In *Gerlach v. Wells Fargo & Company*, the court ordered defendants to "produce to Plaintiff's counsel the names, addresses, alternative addresses, and all telephone numbers" of all potential collective action members even though a third-party administrator was to be used.[7] On the other hand, in *Gilbert v. Citigroup, Inc.*, the court limited disclosure of the contact information of potential collective action members to third-party administrators.[8] However, in *Gilbert*, both parties agreed that the use of a notice administrator was appropriate.[9]

---

[4] 493 U.S. 165, 170 (1989).

[5] *Id.*

[6] *See, e.g.*, *Poreda v. Boise Cascade, L.L.C.*, 532 F. Supp. 2d 234, 242 (D. Mass. 2008); *Gerlach v. Wells Fargo & Co.*, 2006 WL 824652 (N.D. Cal. Mar. 28, 2006); *Czubara v. Hamilton Mortg. Co.*, 2006 WL 5526617 (D. Ariz. Jun. 5, 2006); *Williams v. Trendwest Resorts, Inc.*, 2006 WL 3690686 (D. Nev. Dec. 7, 2006).

[7] *Gerlach*, 2006 WL 824652, at *7.

[8] 2009 WL 424320, at *6 (N.D. Cal. Feb. 18, 2009).

[9] *Id.*

Here, plaintiffs object to the use of a third-party administrator on the ground that it is an unnecessary expense. The court agrees. Defendants' privacy concerns do not warrant the appointment of a third-party administrator - the costs of which would necessarily be imposed on plaintiffs - when those concerns may be allayed by imposing restrictions on the use of the information by plaintiffs' counsel. Aside from privacy concerns, defendants have articulated only one reason in support of using a third-party administrator - to verify that responses to plaintiffs' notice are timely submitted. Therefore, although the court concludes that defendants must disclose to plaintiffs' counsel the names, addresses, telephone numbers, and e-mail addresses of potential collective action members,[10] plaintiffs and plaintiffs' counsel are prohibited from disclosing the information provided to a third party or otherwise using the information in any way not related to this lawsuit. Moreover, in order for responses to be valid, plaintiffs must be able to establish that any consent forms received from collective actions members were sent by the prescribed deadline.[11] Defendants need not provide social security numbers.

**B. Scope of Persons to be Noticed**

Plaintiffs assert that all Peak employees who performed painting work during the relevant time period should be notified of this action.[12] Defendants counter that, because there is no job classification of "painter," they would include all employees

---

[10] *See infra* regarding the scope of individuals to be included in the notice.

[11] *See infra* regarding the deadline for returning the consent form.

[12] *See* docket 49 at 4.

working in positions that defendants "understood to be encompassed by the term 'painters.'"[13] However, defendants contend that "customer service" workers, who were allegedly paid on an hourly basis, should not be notified because they are irrelevant to the lawsuit.[14] As the court noted in its order at docket 44, "any Peak painter, who may have been eligible for overtime compensation, could be entitled to join the putative class . . . [because] Peak paid each employee in a sufficiently similar manner that notice to the potential class is warranted."[15] The court continued that although "[d]efendants claim that 'customer service' employees are paid strictly on an hourly basis, and request that the court exclude such employee from the collective action . . . the court declines to exclude any employees from the potential collective action until discovery is complete."[16] Because the court need not make a factual determination regarding the propriety and scope of the class until step two of the collective action certification, defendants are ordered to provide plaintiffs' counsel with the contact information listed above for all Peak painters, including "customer service" painters, regardless of how they were paid.

**C. Deadline for Returning Consent Form**

The parties disagree regarding the amount of time potential collective action members should be given to opt-in to the collective action - plaintiffs argue for a 60-day response period, while defendants argue for a 45-day period. Because plaintiffs have

---

[13]Docket 50 at 3.

[14]*Id.*

[15]Docket 44 at 21-22.

[16]*Id.* n.68.

already obtained a large number of responses (by the court's count, plaintiffs have already obtained over 20 consent forms), the court concludes that 45 days is reasonable.[17]  The 45-day period will begin to run immediately after October 1, 2009, the deadline hereby established for defendants' provision of all of the contact information to plaintiffs' counsel.

**D. Posting Notice at the Workplace**

Plaintiffs next argue that notice of this lawsuit should be posted at the Peak work site in order to ensure that the notice will effectively reach potential collective action members.[18]  Defendants counter that posting the notice on Peak premises is an unnecessary and unreasonable intrusion on defendants' property.[19]  Although the plaintiffs ordinarily bear the burden of providing notice of a collective action, a district court may properly require a defendant to bear some "insubstantial" costs.[20]  Moreover, while notice by first class mail is typically sufficient,[21] numerous district courts have approved notice by first class mail in combination with posting at the workplace.[22]  Defendants nevertheless argue that plaintiffs have made no showing that mailing alone

---

[17] *Compare Johnson v. Am. Airlines,* Inc., 531 F. Supp. 957, 964 (N.D. Tex. 1982) (21 days reasonable) *with Williams*, 2006 WL 3690686, at *7 (60 days is reasonable).

[18] Docket 49 at 5.

[19] Docket 50 at 4-5.

[20] See *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 359 (1978).

[21] *Peters v. Nat'l R.R. Passenger Corp.*, 966 F.2d 1483, 1486 (D.C. Cir. 1992).

[22] *See, e.g.*, *Love v. Phillips Oil, Inc.*, 2008 WL 5157677, at *2 (N.D. Fla. Dec, 9, 2008); *Romero v. Producers Dairy Foods, Inc.*, 235 F.R.D. 474, 493 (E.D. Cal. 2006); *Johnson*, 531 F. Supp. at 961; *Soler v. G&U, Inc.*, 86 F.R.D. 524, 531 (S.D.N.Y. 1980); *Frank v. Capital Cities Communications, Inc.*, 88 F.R.D. 674, 679 (S.D.N.Y. 1981).

would be ineffective, that posting the notice will imply Peak's endorsement of the lawsuit, and that posting the notice will compel Peak management to respond to questions pertaining to the lawsuit.[23] However, defendants have pointed to no authority that would justify a refusal to order them to post notice of the collective action at the workplace. The burden of posting notice is not onerous, and defendants are free to refuse to answer any employee inquiries regarding the notice. Therefore, defendants are ordered to post notice of the collective action on their premises for the 45-day notice period.

**E. Defense Counsel Contact Information**

Finally, defendants propose that defense counsel's contact information be included on the notice sent to potential collective action members. Plaintiffs contend that including defense counsel's contact information will be unnecessary and misleading, and that defense counsel should play no role in any communications with potential collective action members. Plaintiffs cite no authority in support of their argument, while defendants point to two district court decisions which concluded that it would be permissible for defense counsel to contact potential collective action members before they opted-in to the class.[24] Based on these decisions, defendants argue that excluding defense counsel's contact information from the notice suggests to potential collective action members that they are already represented by plaintiffs' counsel and that granting plaintiffs' counsel exclusive access to potential collective action members

---

[23]*Id.* at 5.

[24]Docket 50 at 6 (citing *Parks v. Eastwood Ins. Servs., Inc.*, 235 F. Supp. 2d 1082, 1085 (C.D. Cal. 2002) and *Gerlach*, 2006 WL 824652, at *7).

could provide plaintiffs' counsel an avenue to mislead potential collective action members in an attempt to secure their consent to join the lawsuit. The court agrees, and orders the parties to include the contact information for counsel representing plaintiffs and defendants. However, this does not mean that defendants have the affirmative right to contact each potential member of class in an attempt to dissuade them from joining the collective action. Rather, while counsel for both parties may receive calls and other communications for potential class members and explain, in an objective fashion, what the lawsuit entails, neither party may affirmatively contact potential collective action members to persuade them to join or dissuade them from joining the collective action. The only affirmative contact that is permitted is the mailing of the notice by plaintiffs' counsel.

## IV. CONCLUSION

For the reasons set forth above, plaintiffs' motion at docket 49 for approval of their *Hoffman-LaRoche* notice is **GRANTED** in part and **DENIED** in part, and **IT IS ORDERED** as follows:

(1) Defendants shall disclose to plaintiffs' counsel the names, addresses, telephone numbers, and e-mail addresses of potential collective action members, including "customer service" painters, regardless of how they were paid. This shall be completed no later than **October 1, 2009**. Defendants need not provide social security numbers.

(2) Plaintiffs' counsel shall not disclose the information provided by defendants to any person or entity, nor use the information in any way except as necessary to provide notice of the lawsuit to potential collective action members.

(3) Potential collective action members will have until Monday, **November 16, 2009**, to consent to join the collective action. A consent form will be deemed timely if postmarked no later than November 16, 2009, and actually received no later than Friday, **November 20, 2009**. Even if postmarked by November 16, 2009, any consent form not received by November 20, 2009, will be ineffective. On Monday, **November 23, 2009**, plaintiffs' counsel shall provide defendants' counsel with a list of all persons from whom a timely consent form was received, and include an affidavit or declaration demonstrating that all were timely received.

(4) Defendants are ordered to post notice of the collective action on their premises on **October 1, 2009**, and keep the notice posted until Friday, **November 13, 2009**.

(5) The parties are ordered to include in the notice the contact information for counsel representing plaintiffs and defendants.

(6) Neither defendants, nor counsel for defendants, nor plaintiffs, nor counsel for plaintiffs may contact any potential collective action member in an attempt to persuade them to join or dissuade them from joining the collective action. Thus, while counsel for both parties may receive calls or other communications initiated by potential members and then explain, in an objective fashion, what the lawsuit entails, they shall not make

any effort to contact potential collective action members. The only affirmative contact that is permitted is the mailing of the notice by plaintiffs' counsel.

DATED this 17th day of September 2009

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE