# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | | |
|---|---|---|
| ALEJANDROS BADOS MADRID,<br>SARA HERNANDEZ RIOS, and<br>MARIA RENDON, individually and on<br>behalf of other persons similarly<br>situated, | )<br>)<br>)<br>)<br>) | |
| | ) | |
| Plaintiffs, | ) | 2:09-cv-00311 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| PEAK CONSTRUCTION, INC., an | ) | [Re: Motions at Docs. 62 and 65] |
| Arizona Corporation d/b/a PEAK<br>PAINTING, BRAD D. NALLY, MARK W.<br>SCHOUTEN, WILLIAM J. MORONEY,<br>and TODD SICKELS, | )<br>)<br>)<br>) | |
| | ) | |
| Defendants. | ) | |

## I. MOTIONS PRESENTED

At docket 62, plaintiffs Alejandro Bados Madrid, Sara Hernandez, and Maria

Rendon (collectively "plaintiffs") move this court to compel defendants Peak

Construction ("Peak"), Brad D. Nally, Mark W. Schouten, William J. Moroney, and Todd

Sickels (collectively "defendants") to cure their posting of the court-approved *Hoffman-*

*LaRoche* notice pursuant to § 216(b) of the Fair Labor Standards Act ("FLSA").  At

docket 63, defendants oppose the motion.  Plaintiffs reply at docket 64.

At docket 65, defendants move to disqualify plaintiffs' counsel, Rachel Wilson, and for sanctions on the ground that Ms. Wilson mailed improperly suggestive notices to potential collective action members in violation of court order. Plaintiffs respond at docket 66. Defendants reply at docket 68. Oral argument was not requested on either motion, and would not assist the court.

## II. BACKGROUND

Much of the background of this matter is recited in this court's orders at docket 44 and 60, and will not be repeated here. On September 17, 2009, this court approved the *Hoffman-LaRoche* notice to be sent to potential collective action members and to be posted on defendants' premises.[1] Specifically, the court's order (1) permitted plaintiffs' counsel to mail notice of the collective action to potential members, and (2) ordered defendants to post the notice on their premises from October 1, 2009 until November 13, 2009.[2] The court also provided that potential collective action members would have until November 16, 2009, to consent to join the collective action, and ordered plaintiffs' counsel to provide defense counsel with a list of all persons who timely consented to join the action by November 23, 2009. It appears that defendants timely posted the notice on their premises and plaintiffs mailed the notice to potential members, after receiving a list of names and addresses from defendants.

---

[1]Docket 60 at 9-10.

[2]*Id.* at 10.

However, plaintiffs claim that defendants posted the notice in a "break room" to which many potential members do not have access, rendering the notice insufficient.[3] Defendants claim in response that they have since posted the notice in a place accessible to all potential collective action members. The sufficiency of this notice is the subject of the motion at docket 62. Defendants claim that plaintiffs' counsel sent improperly suggestive consent forms to potential members, alleged to (1) have been printed on bright green stationary, (2) have "sign here" stickers on the signature blocks, (3) have enclosed a self-addressed, stamped envelope, and (4) have "Did you work more than 40 hours per week for Peak Painting?  OPEN THIS ENVELOPE" printed in Spanish on the outside of the mailing.[4] The propriety of this notice is the subject of the disqualification motion at docket 65. The court addresses the parties' motions below.

### III. DISCUSSION

**A.  Motion at Docket 62**

**1. Curative Notice**

Plaintiffs claim that, as of October 2, 2009, the day after notice was to be posted on defendants' premises, defendants had only posted notice of the collective action in a "break room" to which certain individuals do not have access. Since that time, on or about October 5, 2009, defendants have posted the notice in an area that is accessible to all potential members of the collective action. Plaintiffs nevertheless argue that,

---

[3]Docket 62 at 1-2.

[4]Docket 65 at 2.

because proper notice was untimely posted, defendants should be ordered to include notice in their employees' next paycheck envelopes and the opt-in period should be extended by five days.[5] The court disagrees, and concludes that notice has been more than adequate. The order at docket 60 remains in effect.

## 2. Other Arguments

Defendants also claim, based on an affidavit of an employee, that a local painter's union has advertised the collective action on a local radio station.[6] Plaintiffs respond that defendants' allegation is false, citing an affidavit by the union organizer in question.[7] Unfortunately, the court does not have jurisdiction over Phoenix radio frequencies. In any event, the court does not take a position on the merits of defendants' allegation. If defendants' allegations were true, plaintiffs' radio advertisement would clearly violate the court's order at docket 60. Similarly, however, defendants may also have violated the court's order when it distributed a memorandum to its employees advising them that Peak "has no choice" but to disclose their confidential information to an unnamed third party.[8] This memorandum is an inappropriate contact, and suggests to Peak the individuals responsible for filing this lawsuit are compelling a breach of their confidentiality, when in fact those individuals are bound not to release any confidential information. In short, neither party appears to be playing by the rules. Therefore, the court reminds both parties that the court's order at

---

[5]Docket 64 at 2.

[6]Docket 63-1 at 4 ¶ 5.

[7]Docket 64-1 at 1.

[8]Docket 64-2 at 1.

docket 60 prohibits any affirmative contact with potential collective action members beyond the approved notice.  In addition, "[n]either defendants, nor counsel for defendants, nor plaintiffs, nor counsel for plaintiffs may contact any potential collective action member in an attempt to persuade them to join or dissuade them from joining the collective action."[9]

## B. Motion at Docket 65

### 1. Disqualification

As plaintiffs correctly point out, defendants have used an inappropriate procedural mechanism for moving to disqualify plaintiffs' counsel - inadequacy under Rule 23(g).  Plaintiffs have yet to move for certification under Rule 23, so a ruling on the adequacy of counsel for purposes of Rule 23(g) would be premature.  Even if Rule 23(g) were an appropriate procedural device upon which to move for disqualification, Ms. Wilson has thus far been a vigorous and effective advocate, is not subject to a conflict of interest, and has not engaged in any misconduct of the level required for disqualification.  The court therefore declines to disqualify her. Nevertheless, the court believes that Ms. Wilson's use of "sign here" stickers on the consent forms may have violated the court's order.  The stickers are inappropriately suggestive to potential collective action members that their signature is required.  If Ms. Wilson intends to mail additional notices during the remaining notice period, she is advised not to use such stickers on those consent forms.  Contrary to defendants'

---

[9]Docket 60 at 10.

contention, use of green paper, printing on the outer envelope, and inclusion of an addressed, stamped envelope do not violate the court's order.

## 2. Sanctions

The court similarly declines to sanction Ms. Wilson for the content of her mailing, particularly in light of the fact that defendants may have themselves violated the court's order. Moreover, as noted above, Ms. Wilson has not engaged in any misconduct that would warrant sanctions at this time. Defendants' reliance on *Stahl v. Mastec, Inc.* for the proposition that unauthorized attempts to increase the number of potential class members warranted sanctions is misplaced.[10] In *Stahl*, the court based its imposition of sanctions on the fact that class counsel violated a settlement agreement and the court's order by unilaterally sending a second mass mailing to class members.[11] Although the court noted that defendant's objections to the use of "red lettering" on the outer envelope was "well taken," the court's imposition of sanctions did not rest on the inclusion of such lettering. Rather, the court concluded that it was the fact of the second mailing that warranted sanctions, noting that "[t]here was nothing mis-representative, suggestive, or coercive in the content of the mailing."[12] The same is true here, with the exception of the "sign here" stickers mentioned above.

---

[10]2008 WL 2127970, at *3 (M.D. Fla. May 20, 2008).

[11]*Id.* at *3.

[12]*Id.* at *4.

## IV.  CONCLUSION

For the reasons stated above, plaintiffs' motion for curative notice at docket 62 is

**DENIED**, and defendants' motion to disqualify and for sanctions at docket 65 is also

**DENIED**.

DATED this 2nd day of November 2009.


/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE